### IN THE UNITED STATES DISTRICT COURT FOR THE
### SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| DANETTE HESTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:22-cv-00123-JEG-SBJ |
| | ) |
| JANET L. YELLEN, SECRETARY OF THE TREASURY, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER
## TO COMPLAINT

Pursuant to FED. R. CIV. P. 8, 12, defendant Janet L. Yellen, named in her official capacity as Secretary of the Department of the Treasury and under whose supervision lies the Internal Revenue Service ("IRS"), submits the following answer to the COMPLAINT AND JURY TRIAL DEMAND [Doc. 1] file herein by plaintiff Danette Hester ("Hester"):

### FIRST DEFENSE

Hester's COMPLAINT, in whole or in part, fails to state claims against the IRS upon which relief can be granted under the federal government employment provisions of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e, *et seq.*, and/or the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 623, *et seq*.

### SECOND DEFENSE

The claims asserted in Hester's COMPLAINT, in whole or in part, are barred because of Hester's failure to timely raise and/or timely exhaust issues administratively and/or timely file an action in federal district court.

**THIRD DEFENSE**

All discrete employment decisions made and actions taken by the IRS regarding Hester as described and alleged in his COMPLAINT were made and taken for *bona fide* business reasons (including legitimate business needs, managerial needs, and lawful principles of personnel management) and as a result of reasonable factors other than Hester's race, color, sex, or age, and such decisions and actions were without any discriminatory intent, purpose, effect, or pretext.

**FOURTH DEFENSE**

No causal connection exists between Hester's race, color, sex, or age with respect to any actions taken or decisions made by the IRS regarding Hester as described and alleged in her COMPLAINT.

**FIFTH DEFENSE**

The ADEA does not allow for the recovery of compensatory damages against the federal government, including against the IRS, and, as such, any claims for compensatory damages based on alleged age discrimination and/or a violation of the ADEA in Hester's COMPLAINT are barred by sovereign immunity.

**SIXTH DEFENSE**

Any recovery of compensatory damages by Hester under Title VII is capped by federal law.

**SEVENTH DEFENSE**

The ADEA does not allow for a trial by jury against the federal government, including against the IRS, and, as such, any claims for a jury trial on the issues related to any alleged age discrimination and/or a violation of the ADEA in Hester's COMPLAINT are barred by sovereign immunity.

**EIGHTH DEFENSE**

Hester is not entitled to recover punitive damages against the IRS.

**NINTH DEFENSE**

Hester cannot establish *prima facie* cases of discrimination based on race, sex, or age.

**TENTH DEFENSE**

To the extent that Hester seeks to allege incidents of discriminatory and/or retaliatory conduct other than those raised in Hester's administrative discrimination complaint with the IRS and/or assert theories of discrimination and/or retaliation other than those raised in Hester's administrative discrimination complaint with the IRS, such incidents, conduct, and theories of discrimination and/or retaliation are barred by the failure to exhaust administrative remedies and/or by the statute of limitations.

**ELEVENTH DEFENSE**

Hester was not accorded any different treatment by the IRS than from other similarly situated (in all relevant respects) and similarly qualified individuals.

## TWELFTH DEFENSE

Hester has failed to reasonably mitigate her damages.

## THIRTEENTH DEFENSE

The decisions made and actions undertaken by the IRS with regard to Hester were not arbitrary and capricious and were not contrary to any collective bargaining agreement between the IRS and any union representing Hester.

## FOURTEENTH DEFENSE

If the IRS is found liable to Hester, which liability is expressly denied, the IRS is entitled to have any award of damages against it abated, reduced, or eliminated by the total amount paid to Hester from any government source.

## FIFTEENTH DEFENSE AND BY WAY OF FURTHER ANSWER

Without waiving any of the defenses set forth above, or other defenses available at law or equity, the IRS answers the separately numbered paragraphs of Hester's COMPLAINT as follows:

### 1.

The IRS admits that Hester purports to bring her action, in part, under the jurisdictional authority of Title VII and the ADEA as alleged in paragraph 1 of Hester's COMPLAINT. Further answering, the IRS denies the remaining allegations contained in paragraph 1 of Hester's COMPLAINT.

**2.**

The IRS admits that Hester purports to bring her action, in part, under the jurisdictional authority of Title VII and the ADEA as alleged in paragraph 1 of Hester's COMPLAINT. Further answering, the IRS denies the remaining allegations contained in paragraph 1 of Hester's COMPLAINT.

**3.**

To the extent that Hester states cognizable claims under Title VII and/or the ADEA, the IRS admits that venue is proper in this Court as alleged in paragraph 3 of Hester's COMPLAINT.

**4.**

The IRS admits the allegations contained in paragraph 4 of Hester's COMPLAINT.

**5.**

The IRS admits that the present lawsuit was filed less than 90 days after the issuance of a final agency decision as alleged in paragraph 5 of Hester's COMPLAINT. Further answering, the IRS is without sufficient information to admit or deny the allegation as to when Hester received the final agency decision and, consequently, the IRS denies that allegation.

**6.**

The IRS generally admits the allegations contained in paragraph 6 of Hester's COMPLAINT. Further answering, the IRS specifically avers that Hester's IRS classification title is Criminal Investigator.

7.

The IRS admits the allegations contained in paragraph 7 of Hester's COMPLAINT.

8.

The IRS incorporates by reference its responses set forth above to the allegations made in paragraphs 1 through 7, inclusive, of Hester's COMPLAINT as though those responses were set out *haec verba* herein.

9.

Upon information and belief, the IRS admits the allegations contained in paragraph 9 of Hester's COMPLAINT.

10.

The IRS admits the allegations contained in paragraph 10 of Hester's COMPLAINT.

11.

The IRS admits the allegations contained in paragraph 11 of Hester's COMPLAINT.

12.

The IRS admits the allegations contained in paragraph 12 of Hester's COMPLAINT.

**13.**

The IRS admits that Hester interviewed for the subject position as alleged in paragraph 13 of Hester's COMPLAINT. Further answering, the IRS is without sufficient information to admit or deny the allegation that the interview was conducted by Zoom, and, consequently, the IRS denies that allegation contained in paragraph 13 of Hester's COMPLAINT.

**14.**

The IRS admits that the interview panel consisted on Nicholas Rice, Christopher Altemus, and Melissa McFadden as alleged in paragraph 13 of Hester's COMPLAINT. Further answering, the IRS specifically avers that Mr. Altemus initially was the recommending official and when the decision was made to only select one candidate instead of two candidates, Mr. Altemus was told that it was left to him to make the selection as to which one of the two he was recommended for selection.

**15.**

The IRS admits that the interview panel knew that Hester was an African American woman as alleged in paragraph 15 of Hester's COMPLAINT. Further answering, the IRS denies the remaining allegations contained in paragraph 15 of Hester's COMPLAINT.

**16.**

The IRS denies the allegations contained in paragraph 16 of Hester's COMPLAINT.

**17.**

The IRS admits the allegations contained in paragraph 17 of Hester's COMPLAINT.

**18.**

The IRS denies the allegations contained in paragraph 18 of Hester's COMPLAINT.

**19.**

The IRS denies the allegations contained in paragraph 19 of Hester's COMPLAINT.

**20.**

The IRS admits the individual selected for the position was a male as alleged in paragraph 20 of Hester's COMPLAINT. Further answering, the IRS is without sufficient information to admit or deny the remaining allegations contained in paragraph 20 of Hester's COMPLAINT, and, consequently, denies those allegations.

**21.**

The IRS denies the allegations contained in paragraph 21 of Hester's COMPLAINT.

**22.**

The IRS denies the allegations contained in paragraph 22 of Hester's COMPLAINT.

## COUNT I
**[Race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*.]**

**23.**

The IRS incorporates by reference its responses set forth above to the allegations made in paragraphs 1 through 22, inclusive, of Hester's COMPLAINT as though those responses were set out *haec verba* herein.

**24.**

The IRS generally admits the allegations contained in paragraph 24 of Hester's COMPLAINT regarding the purpose and intent of Title VII. Further answering, to the extent that Hester implies that she was the victim of race and/or sex discrimination actionable under Title VII, the IRS denies the allegations contained in paragraph 24 of Hester's COMPLAINT.

**25.**

The IRS denies the allegations contained in paragraph 25 of Hester's COMPLAINT.

**26.**

The IRS admits the allegations contained in paragraph 26 of Hester's COMPLAINT.

**27.**

The IRS admits the allegations contained in paragraph 27 of Hester's COMPLAINT.

**28.**

Upon information and belief, the IRS admits the allegations contained in paragraph 28 of Hester's COMPLAINT.

**29.**

The IRS admits the allegations contained in paragraph 29 of Hester's COMPLAINT.

**30.**

The IRS admits the allegations contained in paragraph 30 of Hester's COMPLAINT.

**31.**

The IRS denies the allegations contained in paragraph 31 of Hester's COMPLAINT.

**32.**

The IRS denies the allegations contained in paragraph 32 of Hester's COMPLAINT.

**33.**

The IRS denies the allegations contained in paragraph 33 of Hester's COMPLAINT.

**34.**

The IRS denies the allegations contained in paragraph 34 of Hester's COMPLAINT.

## COUNT II
### [Age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C §§ 623, *et seq*.]

### 35.

The IRS incorporates by reference its responses set forth above to the allegations made in paragraphs 1 through 22, inclusive, of Hester's COMPLAINT as though those responses were set out *haec verba* herein.

### 36.

The IRS generally admits the allegations contained in paragraph 36 of Hester's COMPLAINT regarding the purpose and intent of the ADEA. Further answering, to the extent that Hester implies that she was the victim of age discrimination actionable under the ADEA, the IRS denies the allegations contained in paragraph 36 of Hester's COMPLAINT.

### 37.

The IRS denies the allegations contained in paragraph 37 of Hester's COMPLAINT.

### 38.

Upon information and belief, the IRS admits the allegations contained in paragraph 38 of Hester's COMPLAINT.

### 39.

The IRS denies the allegations contained in paragraph 39 of Hester's COMPLAINT.

**40.**

The IRS denies the allegations contained in paragraph 40 of Hester's COMPLAINT.

**41.**

The IRS denies the allegations contained in paragraph 41 of Hester's COMPLAINT.

**42.**

The IRS denies the allegations contained in paragraph 42 of Hester's COMPLAINT.

**43.**

The IRS admits that Hester is seeking a jury trial on all issues as in paragraph 43 of Hester's COMPLAINT. Further answering, the IRS specifically avers that the IRS is not subject to a trial by jury under the ADEA or on any issues necessary to a judgment against the IRS under the ADEA.

**GENERAL DENIAL**

Any allegation contained in Hester's COMPLAINT which has not been specifically and expressly admitted by the IRS herein is hereby denied. Further answering, the IRS denies that Hester is entitled to any legal or equitable remedy or relief prayed for in Hester's COMPLAINT, including, but not limited to, the remedies listed and/or requested in any paragraph (numbered or otherwise) of Hester's COMPLAINT.

WHEREFORE, having fully and completely answered the COMPLAINT, defendant Janet L. Yellen prays that the COMPLAINT filed by plaintiff Danette Hester be dismissed with prejudice, that judgment be entered in favor of the IRS, that costs be assessed against Hester and for such other and further relief as the Court deems just and proper.

          Respectfully submitted,

          Teresa A. Moore
          United States Attorney

By    */s/ Jeffrey P. Ray*

          Jeffrey P. Ray
          Deputy United States Attorney
          Missouri Bar No. 35632

By    */s/ Elizabeth D. Hatting*

          Elizabeth D. Hatting
          Assistant United States Attorney
          Missouri Bar No. 67337

          Special Attorneys to the Attorney General
          Acting Under Authority Conferred by 28
          U.S.C. § 515

          Charles Evans Whittaker Courthouse
          400 East Ninth Street, Fifth Floor
          Kansas City, MO 64106
          (816) 426-3130
          FAX: (816) 426-3165
          Jeffrey.Ray@usdoj.gov
          elizabeth.hatting@usdoj.gov

          ATTORNEYS FOR DEFENDANT JANET
          L. YELLEN, SECRETARY OF THE
          DEPARTMENT OF THE TREASURY