## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| **DANETTE HESTER,** <br><br> **Plaintiff,** <br><br> v. <br><br> **UNITED STATES DEPARTMENT OF THE TREASURY, SECRETARY JANET L. YELLEN,** <br><br> **Defendant.** | **Civil NO. 4:22-cv-00123-JEG-SBJ** <br><br><br> **AMENDED COMPLAINT** |

**COMES NOW**, the Plaintiff Danette Hester (hereinafter "Plaintiff"), by and through undersigned counsel, and for her Amended Complaint and hereby states as follows:

### INTRODUCTION

1. This action arises under Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act of 1967 (ADEA), as amended, 29 U.S.C. § 623 et seq.

### JURISDICTION AND VENUE

2. Jurisdiction is conferred upon this Court pursuant to 42 U.S.C. § 2000e et seq., and 29 U.S.C. § 623 et seq.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(e) and 42 U.S.C. § 2000e-5.

## ADMINISTRATIVE PREREQUISITES

4. On July 9, 2021, Plaintiff filed an individual complaint of employment discrimination with the Department of the Treasury.

5. On January 19, 2022, less than ninety (90) days prior to filing this Complaint, Plaintiff received the final agency decision by the Department of the Treasury.

6. On June 14, 2022, Plaintiff filed an individual complaint of retaliation with the Department of the Treasury.

7. On December 29, 2022, less than ninety (90) days prior to the filing this Complaint, Plaintiff received the final agency decision by the Department of the Treasury.

## PARTIES

8. Plaintiff was at all relevant times hereto a citizen of Des Moines, Iowa, and employed as a Special Agent for the Internal Revenue Service, Criminal Investigation located at the Des Moines, Iowa, S. Louis Field Office.

9. Defendant, Janet L. Yellen, is named in her capacity as Secretary of the United States Department of the Treasury, and not individually. 42 U.S.C.A. § 2000e-16(c). The Department of the Treasury is an agency of the United States Government whose principal offices is located at 1500 Pennsylvania Avenue, NW, Washington, D.C., 20220.

## FACTUAL BACKGROUND

10. Plaintiff repleads paragraphs 1 through 9 above as fully restated here.

11. Plaintiff is an African American female, born October 27, 1970.

12. Plaintiff has worked as a Special Agent for the Internal Revenue Service (IRS) since 2006.

13. In January 2021, Plaintiff applied for the position of Criminal Investigator (Senior Resident Course Developer/Instructor), (hereinafter RCDI), GS-1811-14.

14. The RCDI Vacancy Announcement indicated the IRS Criminal Investigations (CI), Strategy division, sought to fill two (2) vacancies in the National Training Academy (NCITA) in Glynco, Georgia.

15. On March 9, 2021, Plaintiff interviewed for the RDCI position via Zoom.

16. Plaintiff was interviewed by three panel members, including Supervisory Academy Instructor (Nicholas Rice), NCITA Director and Selecting Official (Christopher Altemus), and NCITA Assistant Director (Melissa McFadden).

17. The interview panel knew Plaintiff's race, sex, and age.

18. The interview panel's candidate decision was forward to the Strategy Deputy Director.

19. On March 11, 2021, NCITA Director Altemus and Assistant Director McFadden informed Plaintiff that she was not selected for the position via phone call.

20. NCITA Assistant Director McFadden stated Plaintiff's interview went very well and she was highly qualified, but they would be going in a different direction.

21. On March 12, 2021, the Supervisory Academy Instructor Rice advised Plaintiff via phone call that NCITA Director Altemus and NCITA Assistant Director Rice had stated she was selected for the position, but they could not hire her.

22. A younger, non-African American male was selected for the position.

23. Plaintiff was more qualified than the selectee due to having greater experience, training, knowledge, and expertise.

24. Plaintiff was treated differently than other similarly situated individuals because of her age, race, and sex.

25. As a result of said treatment, Plaintiff filed an individual complaint of employment discrimination with the Department of the Treasury on July 9, 2021.

26. On January 19, 2022, Plaintiff received the final agency decision by the Department of the Treasury related to her complaint.

27. On February 22, 2022, Plaintiff received a letter proposing to remove her from the Service.

28. On June 24, 2022, Plaintiff was terminated and removed from the Service.

## CAUSES OF ACTION

**COUNT I – RACE AND SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED 42 U.S.C. § 2000e, et seq.**

29. Plaintiff repleads the allegations contained in paragraphs 1 through 28 of this Complaint, as though fully set forth herein.

30. Under the provisions of Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e, et seq., it is unlawful for an employer to discriminate against an employee based on race and sex.

31. The above-referred actions set forth in paragraphs 9-28 constitute race and gender discrimination in violation of Title VII, as amended.

32. At all relevant times, Plaintiff was an employee of Defendant within the meaning of Title VII, as amended.

33. Defendant is an employer within the meaning of Title VII, as amended.

34. Plaintiff is an African American female, and is therefore, a member of a protected class.

35. Plaintiff applied for a position in which she was qualified.

36. Plaintiff was not selected for the position.

37. A less qualified, younger, non-African American male was selected for the position.

38. Defendant's actions in their non-selection of Plaintiff constitutes race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, et seq.

39. As a result of Defendant's actions, Plaintiff has in the past and will in the future suffer mental and emotional harm, anguish, humiliation, embarrassment, lost wages and benefits, and lost earning capacity.

40. Plaintiff has been damaged as a result of this violation and requests relief as set forth below.

## COUNT II – AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION EMPLOYMENT ACT, 29 U.S.C § 623, et seq.

41. Plaintiff repleads the allegations contained in paragraphs 1 through 40 of this Complaint, as though fully set forth herein.

42. Under the provisions of the Age Discrimination in Employment Act, it is unlawful for an employer to discriminate against an employee because of age.

43. Defendant has discriminated against Plaintiff with respect to her employment by non-selection because of her age in violation of the Age Discrimination in Employment Act.

44. Plaintiff suffered an adverse employment action when she was not promoted and selected for a position she was qualified for.

45. A causal connection exists between Plaintiff's age and the adverse employment action.

46. As a result of Defendant's actions, Plaintiff has in the past and will in the future suffer mental and emotional harm, anguish, humiliation, embarrassment, lost wages and benefits, and lost earning capacity.

47. This violation was knowing and willful in violation of Plaintiff's rights under the ADEA and entitles her to liquidated damages.

48. Plaintiff has been damaged as a result of this violation and requests relief as set forth below.

## COUNT III – RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED 42 U.S.C. § 2000e, et seq.

49. Plaintiff repleads the allegations contained in paragraphs 1 through 48 of this Complaint, as though fully set forth herein.

50. Plaintiff is a member of a protected class under Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e, et seq.

51. Plaintiff suffered an adverse action employment action of termination for engaging in protected activity under Title VII.

52. Plaintiff was retaliated against by Defendant when she complained about discrimination because of her race and sex and subsequently terminated.

53. A causal connection exists between Plaintiff engagement in protected activity and the adverse employment action.

54. Defendant's desire to retaliate was the but-for cause of Plaintiff's termination.

55. As a result of Defendant's actions, Plaintiff has in the past and will in the future suffer mental and emotional harm, anguish, humiliation, embarrassment, lost wages and benefits, and lost earning capacity.

56. Plaintiff has been damaged as a result of this violation and requests relief as set forth below.

**COUNT IV – RETALIATION IN VIOLATION OF IN VIOLATION OF THE AGE DISCRIMINATION EMPLOYMENT ACT, 29 U.S.C § 623, et seq.**

57. Plaintiff repleads the allegations contained in paragraphs 1 through 56 of this Complaint, as though fully set forth herein.

58. The provisions of the Age Discrimination Employment Act, it is unlawful for an employer to retaliate against an employee for opposing the employer's discriminatory practices or participating in any investigation or proceeding under the Act.

59. Plaintiff suffered an adverse action employment action of termination for engaging in protected activity under the Age Discrimination Employment Act.

60. Plaintiff was retaliated against by Defendant when she complained about discrimination because of her age and subsequently terminated.

61. A causal connection exists between Plaintiff engagement in protected activity and the adverse employment action.

62. Defendant's desire to retaliate was the but-for cause of Plaintiff's termination.

63. As a result of Defendant's actions, Plaintiff has in the past and will in the future suffer mental and emotional harm, anguish, humiliation, embarrassment, lost wages and benefits, and lost earning capacity.

64. Plaintiff has been damaged as a result of this violation and requests relief as set forth below.

## JURY DEMAND AND RELIEF

65. Plaintiff hereby demands a trial by jury of all issues herein.

**WHEREFORE,** Plaintiff requests judgment be entered in her favor against Defendant and prays:

A. An adjudication that Plaintiff's non-selection, as set forth above, was a discriminatory practice within the meaning of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e, et seq., and within the meaning of Age Discrimination in Employment Act, 29 U.S.C. § 623, et seq.;

B.	An award of lost wages and benefits pursuant to 42 U.S.C. § 2000e, et seq., 29 U.S.C. § 216(b), and 29 U.S.C. § 626(b);

C.	An award of compensatory damages, including emotional pain, suffering, and mental anguish pursuant to 42 U.S.C. § 1981a, 29 U.S.C. § 216(b) and 29 U.S.C. § 626(b);

D.	An award of punitive damages because of Defendants' willful violation of Title VII pursuant to 42 U.S.C. § 1981a;

E.	An award of liquidated damages because of Defendants' willful violation of the Age Discrimination in Employment Act pursuant to 29 U.S.C. § 216(b) and 29 U.S.C. § 626(b);

F.	An adjudication that Plaintiff is entitled to reasonable attorney fees pursuant to 42 U.S.C. § 2000e-5(k), 29 U.S.C. § 216(b), and 29 U.S.C. § 626(b), as well as interest allowed by law and the costs of this action; and

G.	Award such other additional equitable relief as the Court may deem just and proper.

**GRIBBLE, BOLES, STEWART & WITOSKY**

BY: */s/ Charles Gribble*
    Charles Gribble           AT0003083
BY: */s/ Christopher Stewart*
    Christopher Stewart       AT0013127
    2015 Grand Avenue, Suite 200
    Des Moines, Iowa 50312
    Telephone: (515) 235-0551
    Fax: (515) 243-3696
    Email: cgribble@gbswlaw.com
           cstewart@gbswlaw.com
    **ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing instrument was **electronically filed** on ECF on February 27, 2023. Subject to the exceptions cited therein, Fed. R. Civ. P. 5 provides that this electronic filing, once electronically posted to the registered case party's account, constitutes service for purposes of the Federal Rules of Civil Procedure.

Copies have been provided to all registered parties because once the document is posted, those parties are able to view and download the presented or filed document.

*/s/ Kendra Levine*