IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| DANETTE HESTER, | ) Case No. 4:22-cv-00123-SMR-SBJ |
| Plaintiff, | ) |
| v. | ) ORDER ON DEFENDANT'S MOTION |
|  | ) FOR SUMMARY JUDGMENT |
| UNITED STATES DEPARTMENT OF TREASURY, Secretary Janet L. Yellen, | ) |
| Defendant. | ) |

Plaintiff Danette Hester filed this lawsuit against her employer, Defendant United States Department of Treasury, Secretary Janet L. Yellen ("Department"), alleging she experienced discrimination and retaliation. Defendant moves for summary judgment on all claims. For the reasons discussed below, Defendant's Motion for Summary Judgment is GRANTED.

I. BACKGROUND

*A. Factual Background*

Hester has worked for the Department as a Special Agent since 2006. [ECF No. 46-3 ¶ 1]. She is a 53-year-old African American female. *Id.* ¶ 2. In 2019, the Department began an investigation into Hester regarding allegations of obstruction of justice. [ECF No. 35-2 ¶ 2].

The Department posted two vacancies for a Senior Resident Course Developer/Instructor ("RCDI") position to which Hester applied in January of 2021. *Id.* ¶¶ 3–5. In March 2021, Hester interviewed for the RCDI position, and she was the second-ranked of two candidates recommended by the interviewers. *Id.* ¶¶ 7, 10. The top recommended candidate, Winston De Feria, ("De Feria") is identified in the summary judgment record as a non-African American male

1

who was 49 years old at the time of recommendation. *Id*. ¶ 10; [ECF No. 46-3 ¶ 9]. After the recommendations for the position were made, the hiring official was notified that only one candidate for the position could be hired. [ECF No. 35-2 ¶ 8]. De Feria was hired for the position and Hester was told that although "she was highly qualified for the position," she was not selected due to an organizational restructuring. *Id*. ¶¶ 12–13. Hester maintains that she was qualified for the position, but concedes that De Feria was similarly qualified. *Id*. ¶¶ 18–19. De Feria had worked for the Department since 2008 and was also fluent in Spanish. Further, he had international case experience and experience as a senior instructor related to South Central America and Europe. *Id*. ¶¶ 20–22, 24. Hester also had international case experience and experience as an instructor inside and outside the IRS. *Id*. ¶¶ 21, 23.

After she was not hired for the RCDI position, Hester filed a complaint for employment discrimination with the Department. [ECF No. 46-3 ¶ 22]. Hester then received a notice of her proposed termination from the Department. *Id.* ¶¶ 24–25. The proposed removal was for alleged misconduct relating to criminal proceedings involving her son and her misuse of a government-owned vehicle. [ECF No. 35-2 ¶ 29]. Hester then filed a retaliation complaint with the Department before receiving the final decision terminating her employment effective on June 29, 2022. [ECF No. 46-3 ¶¶ 29–30]. Hester filed a complaint with the Merit Systems Protection Board ("MSPB") to contest her termination. [ECF No. 35–2 ¶ 36]. On April 25, 2023, the MSPB mitigated the termination to a 30-day suspension after concluding that termination was too severe of a penalty for the misconduct. *Id.* ¶¶ 38–39.

### B. Procedural Background

Hester originally filed a complaint in this case on April 12, 2022, alleging employment discrimination based on her race, sex, and age. [ECF No. 1]. She then amended her original

complaint in these proceedings by adding claims of retaliation regarding her proposed termination on February 28, 2023. [ECF No. 18]. The case has proceeded through discovery and now the Department moves for summary judgment in its favor. [ECF No. 35]. It asserts that Hester's claims fail as a matter of law. Hester resists the Motion. [ECF No. 46].

## II.   ANALYSIS

### A.  *Summary Judgment Standard*

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Paulino v. Chartis Claims, Inc.*, 774 F.3d 1161, 1163 (8th Cir. 2014). "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case." *Amini v. City of Minneapolis*, 643 F.3d 1068, 1074 (8th Cir. 2011) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 252 (1986)).

To preclude the entry of summary judgment, a plaintiff must make a sufficient showing on every essential element of its case for which it has the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The evidence is viewed "in the light most favorable to the nonmoving party," which includes drawing all reasonable inferences in that party's favor. *Pedersen v. Bio-Medical Applications of Minn.*, 775 F.3d 1049, 1053 (quoting *Johnson v. Wells Fargo Bank, N.A.*, 744 F.3d 539, 541 (8th Cir. 2014)). But "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of the judge." *Anderson*, 477 U.S. at 255.

### B.  Hester's Claims

Hester brings two causes of action.  First, she alleges that she was illegally discriminated against by the Department based on her sex, age, and race.  She asserts this discrimination took place when the Department failed to hire her for a RCDI position for which she applied.  Second, she claims that she was retaliated against in the form of termination proceedings for the discrimination complaint she made during her employment.

#### 1.  Employment Discrimination Claim

Title VII of the Civil Rights Act makes it unlawful for employers to discriminate against any individual because of their race or sex.  42 U.S.C. § 2000e-2.  The ADEA prohibits discrimination against employees who are over the age of 40 because of their age.  29 U.S.C. § 623.  A plaintiff may surpass the summary judgment stage by presenting "direct evidence" of discrimination, or by "creating the requisite inference of unlawful discrimination through the *McDonnell Douglas* analysis, including sufficient evidence of pretext." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1044 (8th Cir. 2011).

Hester concedes that she does not have any direct evidence of discrimination regarding the Department's failure to hire her for the RCDI position.  [ECF No. 46 at 8].  Therefore, her claims are subject to the *McDonnell Douglas* analysis, which first requires her to establish a *prima facie* case of employment discrimination.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  If she establishes a *prima facie* case, the burden shifts to the Department to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *Beasley v. Warren Unilube, Inc.*, 933 F.3d 932, 937 (8th Cir. 2019).  If the Department provides a nondiscriminatory reason for the action, the burden shifts back to Hester who must show that the reason advanced by Department is a pretext for intentional discrimination.  *Id*.

a. Age Discrimination Claim

In order to prove a *prima facie* case for age discrimination, Hester must show she "'(1) was at least forty years old, (2) suffered an adverse employment action, (3) was meeting [her] employer's legitimate expectations at the time of the adverse employment action, and (4) was replaced by someone substantially younger.'" *Gibson v. Am. Greetings Corp.,* 670 F.3d 844, 856 (8th Cir. 2012) (quoting *Morgan v. A.G. Edwards & Sons, Inc.*, 486 F.3d 1034, 1039 (8th Cir. 2007)). Hester does not meet this burden regarding her age discrimination claim because she must show someone "substantially younger" than her received the promotion. De Feria is only four years younger than Hester. [ECF 46-3 at ¶ 9]. She has presented no argument why a four-year age difference between the two candidates is "substantial" such that the decision to hire De Feria indicates a discriminatory intent based on her age. There is simply not "evidence adequate to create an inference that an employment decision was based on an illegal discriminatory criterion." *O'Connor v. Consol. Coin Caterers Corp.*, 517 U.S. 308, 312 (1996) (alterations and emphasis omitted) (quoting *Teamsters v. United States,* 431 U.S. 324, 358 (1977)). As the Court discusses in further detail below, the legitimate, nondiscriminatory reason offered by the Department for the decision not to hire Hester is not pretextual. She has not established a *prima facie* case for age discrimination.

b. Sex and Race Discrimination

Hester's sex and race discrimination claims are regarding the Department's failure to promote her. A failure-to-promote *prima facie* case requires Hester to show: (1) she is a member of a protected group; (2) she applied for a promotion to an available position for which she was qualified; (3) she was rejected; and (4) similarly situated employees who are not members of the protected class were promoted instead. *Younts v. Fremont Cnty., Iowa*, 370 F.3d 748, 754 (8th

Cir. 2004). It is undisputed that Hester was part of a protected class as an African American female over the age of 40. [ECF No. 35-2 ¶ 6]. She was considered highly qualified for the RCDI position and was selected as one of two potential candidates after her interview. [ECF No. 35-2 at ¶¶ 10, 13]. Although there is evidence in the summary judgment record that there was more than one RCDI position available at the time she was interviewed, Hester was ultimately rejected for the one viable RCDI position. [ECF No. 35-2 ¶ 12]. Finally, De Feria was a similarly situated employee. He was highly qualified for the RCDI position but was distinguished from Hester based on race and sex. [ECF Nos. 35-2 ¶ 19; 46-3 ¶ 9]. De Feria was then promoted to the available position instead of Hester. [ECF No. 35-2 ¶ 12]. She has established a *prima facie* case of employment discrimination based on race and sex.

The burden then shifts to the Department to provide a nondiscriminatory reason for promoting De Feria to the RCDI position over Hester. The Department argues that De Feria was selected over Hester not due to his age, race, or sex. Rather, he was the chosen candidate in light of his international case experience, his experience teaching virtual and in person classes, and the fact that he was bilingual. [ECF No. 35-2 ¶¶ 9–10].

Hester argues that the Department's reason is pretext. She may demonstrate a material question of fact by showing that this explanation is unbelievable because it has no basis in fact or by persuading the Court that a discriminatory reason was the more likely motivation of the Department. *Torgerson*, 643 F.3d at 1047. She has not done so.

The evidence in the summary judgment record clearly indicates that De Feria was highly qualified for the RCDI position due to his international experience. Hester cannot show that De Feria was a less qualified applicant. As in *Torgerson*, the best Hester can do is show that she had relatively similar qualifications to that of De Feria. *Id*. at 1049 (holding that no inference of

discrimination arises "[i]f the comparison reveals that the plaintiff was only similarly qualified or not as qualified as the selected candidate") (cleaned up) (citation omitted); *See also Gilbert v. Des Moines Area Cmty. Coll.,* 495 F.3d 906, 916 (8th Cir. 2007) (holding that evidence of similar qualifications between a plaintiff and the selected employees is insufficient to establish pre-text). Even before the hiring committee was notified of the elimination of the second position, the evidence was clear that De Feria was their top selection. [ECF No. 35-2 ¶ 10]. Hester also asserts that the Department's elimination of one of the RCDI positions during the hiring process is a shifting explanation which supports a finding of pretext. *Young v. Builders Steel Co.*, 754 F.3d 573, 578 (8th Cir. 2014) (shifting "its explanation of the employment decision" can support an inference of discrimination). However, the record reflects that the Department did not "shift" its explanation regarding the hiring decision, i.e., providing one reason why it did not hire Hester before presenting a different reason in litigation. Rather, there was a change in circumstances in the organization. Hester does not identify any other reason given by the Department for the decision not to hire her, other than the reorganization.

This is not a convincing argument. The evidence in the record fully supports the Department's consistent contention that the second position was eliminated due to a re-organization. [ECF No. 35-2 ¶ 11]. Other than insinuating that the re-organization had suspicious timing, Hester has provided the Court nothing to indicate that this explanation by the Department is a pre-text for discriminatory behavior. She does not present evidence from which a reasonable juror could find that the Department's reason for not promoting her was pretextual. *Torgerson*, 643 F.3d at 1052.

2. Retaliation Claim

Hester also brings a claim for retaliation based on her initial complaint for discrimination. Title VII prohibits retaliation against individuals based on statutorily-authorized conduct. 42 U.S.C. § 2000e-3. The Supreme Court has explained that the law's "antiretaliation provision seeks to prevent employer interference with unfettered access to Title VII's remedial mechanisms." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 64 (2006).

To establish a *prima facie* case for retaliation, Hester must show (1) she engaged in statutorily protected activity; (2) she suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse action. *Gilbert,* 495 F.3d at 917. In establishing an adverse employment action, the Supreme Court has clarified that "the employer's actions must be harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination." *Burlington N.,* 548 U.S. at 57. Hester does not identify direct evidence of retaliation, so the *McDonnell Douglas* burden-shifting framework similarly applies to her retaliation claim.

On July 9, 2021, Hester submitted a complaint of employment discrimination with the Department regarding its failure to select her for the RCDI position. [ECF No. 46-3 ¶ 22]. There is no dispute that a complaint of discrimination is statutorily protected activity. Hester concedes that her claims for retaliation are premised on the proposal of her termination, stemming from the letter she received on February 22, 2022, not the termination itself. [ECF No. 46-1 at 24]. The parties contest whether the termination proposal is an adverse action.

"The antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces an injury or harm." *Burlington N.*, 548 U.S. at 67. While a completed termination is unquestionably an adverse action sufficient to deter a reasonable employee from reporting discrimination, the question is whether a proposal of such a termination is a "significant"

harm that would do the same. *See Muldrow v. City of St. Louis,* 144 S. Ct. 967, 976 (2024) (explaining that the retaliation standard is "meant to capture those (and only those) employer actions serious enough" to dissuade an employee from making or supporting a charge of discrimination).

Given that no determination was made as to whether Hester would be terminated when she received the termination proposal, and there was no change in working conditions in the meantime, this does not constitute the type of materially adverse, significant harm identified by the Supreme Court in retaliation cases. *Burlington N.*, 548 U.S. at 67.

However, even if it were an actionable harm, Hester cannot satisfy the third requirement for her claim. She has presented no evidence that the alleged adverse action of proposing her termination is causally connected to her discrimination complaint with the Department. Hester suggests that the timing alone of the proposed termination satisfies the requirement to establish a causal connection. But "the mere coincidence of timing" has long been rejected as sufficient to raise an inference of causation by itself. *Nelson v. J.C. Penney Co.*, 75 F.3d 343, 346 (8th Cir. 1996); *Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1136 (8th Cir. 1999) ("Generally, more than a temporal connection between the protected conduct and the adverse employment action is required to present a genuine factual issue on retaliation.").

Any inference predicated on the timing is further undermined by the fact that the investigation into Hester's alleged misconduct was ongoing during the RCDI position application and interview process, which also means that it preceded the timing of her discrimination complaint. [ECF No. 35-2 ¶¶ 2, 5, 7; ECF No. 46-3 ¶¶ 22, 24].

Notwithstanding the Court's determination that Hester has not established a *prima facie* case, the Department has advanced a legitimate non-discriminatory purpose for the proposed

termination of Hester—her alleged misconduct relating to her son and the improper use of her government vehicle. [ECF No. 35-2 ¶ 29]. She has not advanced any basis to infer retaliation beyond allegedly "suspicious" timing. This is insufficient to show pretext.

### III. CONCLUSION

For the reasons discussed above, the Motion for Summary Judgment is GRANTED. [ECF No. 35].

IT IS SO ORDERED.

Dated this 2nd day of May, 2024

_____
STEPHANIE M. ROSE, CHIEF JUDGE
UNITED STATES DISTRICT COURT